THE PEOPLE, PLAINTIFF AND APPELLEE, v. ECHEANDÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Assault With Attempt to Commit Rape.

No. 857.—Decided March 7, 1916.

ASSAULT WITH ATTEMPT TO COMMIT RAPE—INSANITY—EVIDENCE—EXPERT TESTIMONY — HYPOTHETICAL CONCLUSION. — When the testimony of a medical expert called by the defense to prove the insanity of the accused in a prosecution for assault with attempt to commit rape relates to things supposititious that might or could happen to a person inclined to epilepsy or other similar affections, without showing any data by which he arrived at the conclusion that the accused was insane—that is, without expressing any hypothetical conclusions based on facts proved at the trial—it cannot be held that the said testimony tended to show insanity.

ID.—DELIBERATE ACTS—EVIDENCE—INSANITY.—The fact that a defendant in a prosecution for assault with attempt to commit rape went to the house of the victim, contrived to be alone with her and fled immediately after he committed the act, is all indicative of the ordinary elements of crime and not of insanity.

INSANITY—EMOTIONAL OR SUDDEN INSANITY.—The law does not favor the idea of sudden or emotional insanity with no real previous or subsequent indication, nor does the fact that the defendant was afterwards placed in an asylum affect the question.

The facts are stated in the opinion.

Messrs. Texidor & Martínez Alvarez for the appellant.

Mr. Salvador Mestre, fiscal, for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

An information in the District Court of Aguadilla accused Cecilio Echeandía Font of an assault with the attempt to commit rape. The attempt is admitted and the only defence is insanity on the part of the defendant. In his brief and at the hearing counsel for the appellant laid great stress on the statement of the only expert called in the case. Aside

from the fact that the testimony of the expert was only part of the proof and the judge who tried the case had a right to weigh it along with the rest, we do not find that there was anything in the testimony of the expert taken alone or in connection with the proof that would justify a reversal of this case. His testimony related to things supposititious that might happen or could happen to a person inclined to epilepsy or otherwise similar affections. He ended by stating that the defendant was insane, but without showing any data by which he had arrived at that conclusion. Indeed it may be said that this witness gave no evidence tending to show insanity, as he expressed no hypothetical conclusions based on facts proved at the trial; nor did he put the court in possession of concrete facts tending to prove such insanity. The theory of the defence was congenital insanity in form of epilepsy, but the expert denied there was any heredity. Not only was there no proof of the heredity, but there was no showing of any blow, wound, illness or previous act of defendant to justify an inference of mania. The deliberation with which the defendant came to the house of the young woman, seeing to it that he had her alone and his fleeing thereafter, are all indicative of the ordinary elements of crime and not of insanity. The law, besides, does not favor the idea of sudden or emotional insanity with no real previous or subsequent indication. *People* v. *Hoin,* 62 Cal. 120, and see instruction approved in *People* v. *Kernagham,* 22 Cal. 609, as shown by dissenting opinion at page 622. *Leache* v. *State,* 22 Tex. App. 310, 58 A. R. 644. Nor does it affect the question that the defendant thereafter was placed in an asylum. The proof fails to reveal any necessity for his being so placed. The act being admitted and insanity not being proved, the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.